**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JAMES MICHAEL GRAVES, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:23-cv-00888-ELR-CMS |
| 3M COMPANY, | |
| Defendant. | |

## DEFENDANT 3M COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant 3M Company, by and through its undersigned counsel, files this Memorandum of Law in Support of its Partial Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.     INTRODUCTION

Plaintiff James Michael Graves, a former Senior Solutions Instructor, refused to comply with his former employer 3M Company's COVID-19 vaccination policy, forcing 3M to terminate his employment. He now brings this case against his former employer, alleging religious discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), disability discrimination under the Americans with Disabilities Act ("ADA"), and religious discrimination under the Georgia Fair

Employment Practices Act ("GFEPA"). However, Plaintiff's claims under the ADA and under the GFEPA must be dismissed.

**First**, Graves's disability discrimination claim under the ADA fails for multiple reasons: (1) Graves did not exhaust his administrative remedies under the ADA by filing a timely charge with the EEOC; and (2) Graves's complaint alleges 3M "regarded" or "perceived" him as disabled because of his COVID-19 vaccination status, but COVID-19 vaccination status is not a "disability" as a matter of law. **Second**, Graves's claim under the GFEPA fails because 3M is not a public employer as required by the plain language of the statute.

Additionally, though Plaintiff only brings the above three claims explicitly in his Complaint, throughout the Complaint he passively references allegations that similarly fail as a matter of law under Fed. R. Civ. P. 12(b). Specifically, Plaintiff alleges that Defendant violated "federal and Georgia law by mandating an experimental medical treatment" and violated "the sacred rights of privacy and bodily integrity." Graves cannot bring either claim. **First,** there is no legal framework by which Plaintiff can equate a private company's vaccination policy to a medical provider engaging in experimental medical treatment. **Second**, 3M is not a state actor as required for a claim that 3M violated his right to privacy. Thus, both

of these ancillary claims fail as a matter of law, and 3M is entitled to dismissal with prejudice on these claims.

## II.      PROCEDURAL HISTORY & FACTUAL BACKGROUND

On June 16, 2022, Plaintiff filed a charge of discrimination ("Charge") with the Equal Employment Opportunity Commission (the "EEOC") against 3M. (*see* Ex. A.)[1] Plaintiff's Charge claims discrimination on the basis of his religion in violation of Title VII. *Id.* In the "body" of his Charge, he stated:

> During my employment, I notified my employer of my religious belief and requested a religious accommodation to Respondents Covid-19 vaccination mandate, which was denied. On May 26, 2022 I was discharged. II.I [sic] believe I have been discriminated against because of my religion, Christian, in violation of Title VII of the Civil Rights Act of 1964, as amended. *Id.*

Plaintiff's Charge alleges that the discrimination took place from August 2021 until May 26, 2022. *Id.* Further, the Charge alleges that he sought an accommodation based on his religion from 3M and that 3M denied this request. *Id.* Plaintiff does not assert in his Charge that he was discriminated against on the basis of any alleged

---

[1] This Court may consider Plaintiff's Charge, without converting this Partial Motion to Dismiss into a motion for summary judgment, because Plaintiff's Complaint refers to his Charge and the Charge is central to his claims. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted); *accord*, *5th Bedford Pines Apartments, Ltd. v. Brandon*, 262 F. Supp.2d 1369, 1375 (N.D. Ga. 2003); *Sturm v. Marriott Marquis Corp.*, 85 F. Supp. 2d 1356, 1366 (N.D. Ga. 2000) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir.1999)).

disability or that he sought an accommodation for any alleged disability. *Id.* In fact, his Charge does not use the term "disability" at all. *Id.* Thereafter, on or about December 1, 2022, the EEOC issued a notice of right to sue related to Plaintiff's Charge. (*See* Compl. ¶ 44.)

On March 1, 2023, Plaintiff filed his Complaint asserting three causes of action. (Compl. ¶¶ 94-142.) Throughout the Complaint, Plaintiff also alleges that Defendant violated "federal and Georgia law by mandating an experimental medical treatment" and violated "the sacred rights of privacy and bodily integrity". (Compl. ¶¶ 6 and p. 28 ¶ a.) Plaintiff also claims that he sought an accommodation from 3M based upon his religious beliefs, was denied an accommodation, and that his employment was thereafter terminated. (Compl. ¶¶ 23-25, 27-31, 96-99, 101-107, 123-25.)

### III.   ARGUMENT AND CITATION OF AUTHORITY

   A. The legal standard for a motion to dismiss pursuant to Rule 12(b)(6) requires the Court to dismiss this Complaint.

None of Plaintiff's causes of action meet the pleading standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requires dismissal of any action that fails to state a claim for which relief can be granted. While the Court must draw all reasonable inferences in the light most favorable to Plaintiff, the "United States Supreme Court has recently dispensed with the rule that a complaint

4

may only be dismissed under Rule 12(b)(6) when 'it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'." *See Maxwell v. Inner Harbour, LTD.*, No. 1:08–CV–2925–RWS, 2009 WL 1045478 at * 1 (N.D. Ga. Apr. 20, 2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007)) (other citations omitted). That standard has now been replaced with the "plausibility standard" that requires factual allegations "raise the right to relief above the speculative level." *Id.*; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quotations and citations omitted).

B. <u>Plaintiff's claim under the ADA must be dismissed.</u>

Plaintiff's claim under the ADA should be dismissed for two reasons: first, he failed to exhaust his administrative remedies. Second, Plaintiff's claim under the ADA also fails because vaccination status is not a disability as a matter of law.

**i. Plaintiff's disability claim under the ADA should be dismissed because Plaintiff failed to exhaust his administrative remedies.**

Plaintiff failed to exhaust his administrative remedies by properly filing a charge with the EEOC regarding his ADA claims. *McClure v. Oasis Outsourcing II, Inc.*, 674 Fed. Appx. 873, 874 (11th Cir. 2016) ("Plaintiffs proceeding under the

5

ADA must comply with the same procedural requirements articulated in Title VII, and this includes the duty to exhaust administrative remedies."), citing 42 U.S.C. § 2000e-5. In fact, "the Eleventh Circuit has described the ADA's dual requirements of filing a charge with the EEOC and receiving a right-to-sue letter both as 'conditions precedent' to a plaintiff's filing suit and also, more recently, as comprising plaintiff's 'duty to exhaust [his] administrative remedies' before filing suit for violation of the ADA". *Ajuluchuku v. Nat'l Distrib. Co.*, No. 1:05-CV-446-JEC, 2005 WL 8155064 at *4 (N.D. Ga. Dec. 22, 2005). This Court has made clear that "[i]f a plaintiff cannot prove he or she filed a charge, that plaintiff's claim necessarily fails as plaintiff cannot possibly allege all of the required elements of an ADA claim." *Id.* at *5. A plaintiff's civil complaint remains "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Green v. Elixir Inds. Inc.*, 152 Fed. Appx. 838, 840 (11th Cir. 2005).

Plaintiff's Charge fails because a disability claim was not within the scope of the EEOC's investigation. *Richardson v. JM Smith Corp.*, 473 F.Supp.2d 1317, 1327 (M.D. Ga. 2007); citing *Green v. Elixir Inds.*, 152 Fed. Appx. 838, 840 (11th Cir. 2005). Specifically, Plaintiff's Charge does not once mention the word "disability" or any variation of that word, nor does it describe facts suggesting that 3M

6

discriminated against him based on a disability or perceived disability. (Ex. A.); (Compl. ¶ 119.) Plaintiff not only fails to allege in his Complaint that he exhausted the administrative requirements of the ADA, he does not mention the administrative process at any point in his Complaint. (*See* Compl. ¶¶112-126.) In sum, Plaintiff failed to exhaust his administrative remedies under the ADA, and his claim under the ADA must be dismissed. *Ajuluchuku*, 2005 WL 8155064 at *4.

### ii. This Court must also dismiss Plaintiff's ADA claim because vaccination status is not a disability as a matter of law.

By attempting to argue that vaccination status is a disability, an assertion that courts uniformly reject, Plaintiff also fails to allege that he has a disability, a requirement of proving a disability discrimination claim. The ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability". 42 U.S.C. § 12112(a). "To establish a prima facie case of discrimination under the ADA, a plaintiff must show: (1) she is disabled; (2) she is a qualified individual; and (3) she was subjected to unlawful discrimination because of her disability." *Couts v. Beaulieu Grp., LLC*, 288 F.Supp. 2d 1292, 1303 (N.D. Ga. 2003). The ADA defines "disability" as either (1) "a physical or mental impairment that substantially limits one or more major life activities of such individual;" (2) "a

record of such an impairment;" or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1).

Plaintiff does not allege that he has an actual disability; rather, he alleges that "3M discriminated against Plaintiff based on a perceived disability: being unvaccinated", and that "Defendant regarded unvaccinated individuals as being 'disabled' and unable to perform the duties of their employment." (Compl. ¶¶ 119, 120.) Under the ADA, an individual meets the requirement of "being regarded as" having a disability if the individual establishes that he has been subjected to an action prohibited under the ADA because of an <u>actual or perceived physical or mental impairment</u> whether or not the impairment limits or is perceived to limit a major life activity. 42 U.S.C. § 12102(3)(A) (emphasis added).

Plaintiff did not allege facts that could plausibly demonstrate that he is regarded as disabled. There are no allegations that demonstrate a plausible basis to conclude that 3M regarded Plaintiff as having a physical or mental impairment. (*See* Compl.) Federal courts have repeatedly concluded that an employee cannot be "regarded" as having a physical or mental impairment based on his or her vaccination status. *See Linne v. Alameda Health Sys.*, No. 22-cv-04981-RS, 2023 WL 375687 at *2-3 (N.D. Cal. Jan. 24, 2023) (determining an employee who refused to be vaccinated and refused twice-weekly testing was not "regarded" as disabled

because COVID-19 is not a disability under the ADA, and granting defendant's motion to dismiss); *see also, Jorgenson v. Conduent Transp. Sols., Inc.*, No. SAG-22-01648, 2023 WL 1472022 at *4 (D. Md. Feb. 2, 2023) ("[Defendant's] decision to protect its workplace by requiring its employees to attest to their vaccination status . . . does not plausibly reflect a determination or belief that any of its employees are disabled or impaired"); *Leggo v. M.C. Dean, Inc.*, No. 1:22-cv-374 (LMB/IDD), 2023 WL 1822383 at *4 (E.D. Va. Feb. 7, 2023) ("Plaintiff refused to disclose his vaccination status, and [Defendant's] resulting treatment of him as unvaccinated does not create a plausible inference that [Defendant] perceived him as having an 'impairment' or disability of any kind"). As the Western District of North Carolina recently stated under very similar circumstances, "[r]efusing to get a vaccine required by an employer is not itself an 'impairment' of any sort. Rather, it reflects a personal ***choice*** by [Plaintiff] that, while [his] to make in this context, cannot be considered an impairment under the ADA." *Speaks v. Health Sys. Mgmt., Inc.*, No. 5:22-CV-00077-KDB-DCK, 2022 WL 3448649 at *5 (W.D.N.C. Aug. 17, 2022) (emphasis in the original) (granting defendant's motion to dismiss plaintiff's disability discrimination claim).

Further, while Plaintiff alleges that "Defendant regarded unvaccinated individuals as being 'disabled' and unable to perform the duties of their

employment", Plaintiff did not (and cannot) allege that he sought an accommodation based on an alleged disability in the first place or what accommodation was, or would be, requested.[2] The only other facts Plaintiff alleges based on disability are that "3M discriminated against Plaintiff based on a perceived disability: being unvaccinated", "Defendant regarded unvaccinated individuals as being 'disabled' and unable to perform the duties of their employment", and that "[b]ased on this perceived disability, Defendant discriminated against Plaintiff by threatening termination if he failed to receive the COVID-19 vaccine, a 'condition' regarded as a disability under 3M's policy". (Compl. ¶¶ 119-121.) These allegations are conclusory and insufficient. *See Andrews v. City of Hartford*, 700 Fed. Appx. 924, 925 (11th Cir. 2017) (dismissing allegations that a plaintiff was "regarded as" disabled and stating that "[c]onclusory allegations do not 'unlock the doors of discovery' for plaintiffs.'"), citing *Ashcroft*, 129 S. Ct. at 1950. These allegations are nothing more than conclusory statements and are woefully insufficient to allege that 3M regarded Plaintiff as disabled. Indeed, how could it if he did not have a disability? Thus, Plaintiff's claim under the ADA should be dismissed.

---

[2] Notably, as set forth above, Plaintiff acknowledged that he understood the need to plead such facts when asserting a failure to accommodate claim, as he alleged that he sought an accommodation related to his religious beliefs. (*See, e.g.*, Compl. ¶ 105.) ("upon receiving Plaintiff's request for a religious accommodation…")

C. <u>Plaintiff's claim under the GFEPA must be dismissed because 3M is not a public employer as required under the statute.</u>

Plaintiff cannot bring a claim against 3M under the GFEPA because the GFEPA only allows claims against public employers, and 3M is not a public employer. O.C.G.A. § 45-19-22 defines the word "employer" as it relates to the GFEPA as "any department, board, bureau, commission, authority, or other agency of the state which employs 15 or more employees within the state for each working day in each of 20 or more calendar weeks in the current or preceding calendar year."[3] O.C.G.A. § 45-19-22(5).

In other words, the term "employer" as used in the statute refers to <u>public</u> employers only. Courts across Georgia agree and hold that employees of private companies cannot bring lawsuits under O.C.G.A. § 45-19-29 against private employers. *Royal v. CEC Ent., Inc.*, No.: 4:18-cv-302, 2019 WL 2251151 at *3 (S.D.

---

[3] The remainder of the definition is:

> A person elected to public office in this state is a public employer with respect to persons holding positions or individuals applying for positions which are subject to the state system of personnel administration created by Chapter 20 of this title, including the rules and regulations promulgated by the State Personnel Board or any personnel merit system of any agency or authority of this state. A person elected to public office in this state is not a public employer with respect to persons holding positions or individuals applying for positions on such officer's personal staff or on the policy-making level or as immediate advisers with respect to the exercise of the constitutional or legal powers of the office held by such officer. *Id.*

11

Ga. May 24, 2019) ("While a plaintiff may sue a state employer for such conduct, Georgia law does not contain a statutory basis for a sexual harassment or retaliation claim against a private employer."), citing *Guilford v. MarketStar Corp.*, No. 1:08-CV-0336-CC-SSC, 2009 WL 10664954, at *9 (N.D. Ga. Jan. 30, 2009), *report and recommendation adopted*, No. 1:08-CV-0336-CC-SSC, 2009 WL 10664951 (N.D. Ga. Feb. 19, 2009) (confirming that Georgia law does not provide a state law remedy for employment discrimination against non-state employers).

Nowhere in his Complaint does Plaintiff allege that 3M is a state employer that would subject 3M to liability under O.C.G.A. § 45-19-29. *Royal*, 2019 WL 2252151 at *3. Moreover, any such allegation could not be made in good faith. Thus, the Court must dismiss Plaintiff's claim for religious discrimination under O.C.G.A. § 45-19-29.

### D. Plaintiff cannot state a claim alleging that Defendant violated any laws by mandating an "experimental medical treatment".

It is unclear whether Plaintiff intends to bring an independent claim alleging that Defendant has "violated federal and Georgia law by mandating an experimental medical treatment" by implementing a vaccination policy for its employees. (*See* Compl. ¶ 6.) This allegation is not mentioned in any of Plaintiff's "counts" or his prayer for relief, but out of an abundance of caution, Defendant will address this claim and demonstrate that it is not properly pled under Fed. R. Civ. P. 12(b)(6).

12

As an initial matter, while Plaintiff claims that "Defendant's actions violated federal and Georgia law by mandating an experimental medical treatment," he does not state which laws were allegedly violated. (Compl. ¶ 6.) On its face, a claim for "mandating an experimental medical treatment" is not a legal principle according to any federal or Georgia statutes or common law principles. *Id.* The closest principle Defendant could identify to this allegation is a claim for the unauthorized practice of medicine under Georgia law. Plaintiff cannot state a claim for "mandating an experimental medical treatment" under Georgia or federal law because 3M is not subject to the Georgia statutes prohibiting healthcare professionals from practicing medicine without a license or requiring healthcare professionals to obtain informed consent from patients for certain procedures and treatment. (Compl. ¶ 6.)

If one assumes that Plaintiff is attempting to bring a claim under O.C.G.A. § 43-34-22 for "Practice of Medicine Without License Prohibited", he cannot state a claim. The statute reads:

> If any person shall hold himself or herself out to the public as being engaged in the diagnosis or treatment of disease or injuries of human beings, or shall suggest, recommend, or prescribe any form of treatment for the palliation, relief, or cure of any physical or mental ailment of any person, with the intention of receiving therefor, either directly or indirectly, any fee, gift, or compensation whatsoever, or shall maintain an office for the reception, examination, or treatment of diseased or injured human beings… and shall not in any of these cases then possess a valid license to practice medicine under the laws of this state, he or she shall be deemed to be practicing medicine

13

without complying with this article and shall be deemed in violation of this article. *Id.*

From the outset, based on the plain language of the statute, Plaintiff's claim fails. First, 3M is not a "person", nor does 3M "hold [itself] out to the public as being engaged in the diagnosis or treatment of disease or injuries of human beings", nor did 3M receive "any fee, gift, or compensation" as required under the statute." *Id.* Instead, Plaintiff simply alleges that 3M "mandate[ed] an experimental medical treatment." (Compl. ¶ 6.)

In a similar case in the District of South Carolina, the court provided insight as to the difference between an employer instituting and enforcing a vaccine policy and an individual engaging in the unauthorized practice of medicine. *See Rhoades v. Savannah River Nuclear Sols., Inc.*, 574 F.Supp. 3d 322 (D.S.C. 2021). In *Rhoades*, the court reasoned that a vaccine requirement "is a workplace safety requirement, meaning that the employee must be vaccinated to safely work at [the company], not that vaccines are required for medical treatment." *Id.* at 336. It further explained that "employers . . . can make safety determinations based on available medical knowledge without themselves making a determination of medical necessity." *Id.* Like the employer in *Rhoades,* 3M implemented a workplace safety policy and made safety determinations for its employees based on available medical knowledge, which it is within its right to do without being subject to the same

14

regulations and standards as a medical professional. *Id.* Therefore, Plaintiff fails to state a claim under any federal or Georgia laws by alleging that Defendant "violated federal and Georgia law by mandating an experimental medical treatment." (Compl. ¶ 6.)

E. Plaintiff cannot state a claim against Defendant for violation of Plaintiff's rights of privacy and bodily integrity.

Any attempt by Plaintiff to paint 3M as a state actor in order to make a claim that it violated her right to privacy fails. Again, it is unclear whether Plaintiff intends to bring an independent claim that Defendant has acted unlawfully in "violating the sacred rights of privacy and bodily integrity" and requesting "[a] finding that Plaintiff has a fundamental right to his bodily autonomy, and to make health decisions in accordance with his beliefs and conscience." (Compl. ¶ 6 and p. 28 ¶ a.) Nonetheless, a plaintiff seeking vindication of a constitutional right against a private party must show "that he was deprived of a federal right by a person acting under color of state law." *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). The requirement of action "under-color-of-state-law" excludes "merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). "Only in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

To hold that a private party, such as 3M, is a state actor, the Court must conclude that one of the following three conditions is met:

> the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise" ("nexus/joint action test")."

*Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). Moreover, courts in the Eleventh Circuit repeatedly hold that a private employer acts in a private capacity when making employment decisions. *See, e.g., Bond v. Cross Rds. Hosp. Co.*, No. 4:05-CV-43 (CDL), 2006 U.S. Dist. LEXIS 82678, at *17 (M.D. Ga. Nov. 13, 2006); *Ogletree v. Necco*, No. 1:16-cv-01858-WSD-AJB, 2016 U.S. Dist. LEXIS 165566, at *11 (N.D. Ga. Nov. 9, 2016).

In his Complaint, Plaintiff makes no allegations whatsoever that 3M acted in concert with the state or federal government. He alleges no facts to suggest that the state has "coerced or at least significantly encouraged" 3M's actions in issuing a vaccine mandate, that 3M performed any "public function," or that the state government has "insinuated itself into a position of interdependence" with 3M. *Id.* In sum, Plaintiff alleges no facts to suggest that 3M is anything more than a private actor that, like many companies around the world, implemented a vaccine policy

during a pandemic. Because 3M is not a state actor, Plaintiff fails to state a claim under the United States or Georgia constitutions.

## IV.   CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted for his claims under the ADA and the GFEPA for numerous reasons. First, Plaintiff did not exhaust his administrative remedies with respect to his claim under the ADA because he did not file a charge of discrimination related to disability with the EEOC. Next, Plaintiff's ADA claim also fails because vaccination status is not a disability as a matter of law. Additionally, Plaintiff fails to plead a claim under GFEPA because 3M is a private employer and the statute does not apply to private employers. Moreover, Plaintiff's attempts to vaguely refer to other legal principles fail to state any cognizable claim because a private company's vaccination policy does not constitute a medical provider engaging in experimental medical treatment or failing to provide informed consent. Lastly, Plaintiff cannot allege constitutional violations because 3M is not a state actor. For these reasons, these claims must be dismissed, and 3M urges this Court to dismiss these claims with prejudice.

Respectfully submitted this 30th day of March, 2023.

*s/Natalie N. Turner*
Natalie N. Turner
Georgia Bar No. 719646
Alexandra L. Milios
Georgia Bar No. 753596
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone:  404-881-1300
Facsimile:   404-870-1732
natalie.turner@ogletree.com
alexandra.milios@ogletree.com

*Counsel for Defendant 3M Company*

## <u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(D)</u>

This is to certify that **Defendant 3M Company's Memorandum of Law in Support of its Partial Motion to Dismiss Plaintiff's Complaint** was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1(C).

*s/ Natalie N. Turner*
Natalie N. Turner
Georgia Bar No. 719646

19

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JAMES MICHAEL GRAVES,

        Plaintiff,

v.

3M COMPANY,

        Defendant.

CIVIL ACTION
NO. 1:23-cv-00888-ELR-CMS

## CERTIFICATE OF SERVICE

I certify that on March 30, 2023, I electronically filed **Defendant 3M Company's Memorandum of Law in Support of its Partial Motion to Dismiss Plaintiff's Complaint** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

Respectfully submitted this 30th day of March, 2023.

*s/ Natalie N. Turner*
Natalie N. Turner
Georgia Bar No. 719646

20