UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES MICHAEL GRAVES, an individual, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:23-cv-00888-ELR-CMS |
| v. | ) ) ) |
| 3M COMPANY, | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TO THE HONORABLE JUDGE OF THE COURT AND TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

COMES NOW Plaintiff James Michael Graves ("Mr. Graves" or "Plaintiff") and files the within memorandum in opposition to Defendant 3M Company's ("3M") Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) (the "MTD", Doc. 7).

1

# INTRODUCTION

Plaintiff James Michael Graves has brought claims for religious discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), disability discrimination under the Americans with Disabilities Act ("ADA"), and religious discrimination under the Georgia Fair Employment Practices Act ("GFEPA") against 3M Company ("3M") after Mr. Graves was terminated for refusing to comply with 3M's coercive, tyrannical COVID-19 vaccine mandate due to his sincere religious objections.

Defendant now brings a motion to dismiss all of Plaintiff's claims. However, this Court should deny Defendant's motion because 1) Plaintiff has exhausted his administrative remedies for his disability discrimination claims by filing a charge of discrimination with the EEOC and bringing claims that are like or reasonably related to his allegations of religious discrimination as articulated in his charge of discrimination and 2) 3M regarded Plaintiff as disabled due to his unvaccinated status and discriminated against him on that basis, in violation of the ADA.

# STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A court's review of a Rule 12(b)(6) motion requires that the court "accept[ ] the

facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018).

For purposes of a motion to dismiss, "the complaint is to be liberally construed in favor of plaintiff." *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S. Ct. 1843, 23 L. Ed. 2d 404 (1969). There is not a "probability requirement" at the pleading stage, but rather a complaint must present sufficient facts to "'raise a reasonable expectation that discovery will reveal evidence' of the claim." *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

Historically, in actions brought under civil rights laws, "pleadings are to be liberally construed such that a district court is warranted in granting a motion to dismiss only where the plaintiff could prove no stated facts entitling him to relief." *Strozier v. Gen. Motors Corp.*, 442 F. Supp. 475, 480 (N.D. Ga. 1977); *see also U. S. ex rel. Birnbaum v. Dolan*, 452 F.2d 1079 (3d Cir. 1971); *Gregory v. Dillard's, Inc.,* 494 F.3d 694, 709 (8th Cir. 2007); *see also Lillard v. Shelby County Board of Ed*. (6th Cir. 1996) 76 F.3d 716, 724; *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000) ["we have emphasized that [when reviewing dismissal under Rule 12(b)(6)], the rule of liberal construction is 'particularly important in civil rights cases.' [citation].]

Defendant's MTD does not come close to meeting the high standard required to dismiss Plaintiff's claims, which arise from civil rights violations, at the pleading stage.

## ARGUMENT

**A. Plaintiff Successfully Alleged Claims for Disability Discrimination (Second Cause of Action)**

Mr. Graves brought claims for disability discrimination under the Americans with Disabilities Act ("ADA") on the grounds that 3M perceived him as disabled and unable to perform the normal functions of his job due to his unvaccinated status and terminated him as a direct result. However, 3M demands dismissal at this pleading stage of the case claiming it can overtly and openly discriminate as long as Plaintiff failed to check a box on a form and 3M only regarded an employee as disabled when he was not.

### 1. Plaintiff Has Exhausted His Administrative Remedies with the EEOC to Bring His Disability Discrimination Claims under the ADA

Defendant's MTD contends that Plaintiff's ADA claim for disability discrimination must be dismissed because he has failed to exhaust his administrative remedies under the ADA. MTD, at p. 5. However, Plaintiff has also exhausted his administrative remedies for his disability discrimination claims because they are reasonably related to his claims for religious discrimination.

The purpose of this exhaustion requirement "is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Evans v.*

*U.S. Pipe & Foundry Co.,* 696 F.2d 925, 929 (11th Cir.1983). In light of the purpose of the EEOC exhaustion requirement, we have held that a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Alexander v. Fulton County, Ga.,* 207 F.3d 1303, 1332 (11th Cir.2000) (internal quotation and citation omitted); *Sanchez,* 431 F.2d at 466 (noting that the allegations in a judicial complaint filed pursuant to Title VII may encompass any kind of discrimination like or related to the allegations contained in the charge). Causes of action that are "like or related to, or grew out of, the allegations contained in [his] EEOC charge" are deemed administratively exhausted and open to be litigated. *Gregory v. Georgia Dep't of Hum. Res.,* 355 F.3d 1277, 1280 (11th Cir. 2004). "The facts alleged in [his] EEOC charge could have reasonably been extended to encompass a claim for retaliation because they were inextricably intertwined with [his] complaints of race and sex discrimination." *Id.*

Courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]." *Sanchez,* 431 F.2d at 460–61. As such, this Court has noted that " 'the scope of an EEOC complaint should not be strictly interpreted' " *Id.* at 465 (citation omitted). As is the practice in federal courts to construe pro se pleadings liberally, an EEOC complaint filed without the assistance of counsel, as is the case with Ms. Matz's charge, should also be construed liberally. *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277 (11th Cir. 2004); *see also Danner v. Phillips Petroleum Co.,* 447

F.2d 159, 161–62 (5th Cir.1971) (noting that employee filing an EEOC complaint without the assistance of counsel are to be construed liberally, and holding that EEOC charge complaining of discharge was "reasonably related" to Title VII complaint that "she was discharged").

Courts have held that failing to check a box or directly indicate a potential claim on a charge of discrimination filed with the EEOC does not automatically preclude bringing that claim in plaintiff's pleading. *See Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277 (11th Cir. 2004) (holding that an EEOC investigation of plaintiff's race and sex discrimination complaint leading to her termination would have reasonably uncovered any evidence of retaliation); *see also Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (holding that Plaintiff exhausted his disability discrimination claim before the EEOC although he did not check the box for disability because the text of the charge clearly set for the basis of the claim, and he triggered an inquiry into whether Defendant viewed him as disabled).

Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") on June 16, 2022, against 3M. As Plaintiff did not have legal counsel at the time of filing his EEOC charge and was unaware of the claims available to him, his EEOC charge should be liberally construed in his favor as is the established practice regarding pro se pleadings.

Mr. Graves articulated in his charge of discrimination that he was "notified by [his] employer that it would be requiring all employees to be fully vaccinated by late 2021." Doc. 7, Exh. A. Mr. Graves also informed the EEOC that he was terminated due to his unvaccinated status. Where the choice to take the COVID-19 vaccine was also a medical decision, and where Defendant found Plaintiff permanently unqualified to perform his role because of his medical status regarding the COVID-19 vaccine, it is reasonable to conclude that the investigation into Plaintiff's EEOC would have exposed the validity of his ADA disability discrimination claim on the basis of a perceived disability. Plaintiff has exhausted his administrative remedies for disability discrimination claims because they are reasonably related to his claims for religious discrimination and are within the scope of what could reasonably be expected to follow his charge filed with the EEOC. As such, the EEOC should have been on notice of Plaintiff's potential disability discrimination claims and investigated accordingly.

## 2. Mr. Graves Has A Disability Under the Meaning of the ADA

Defendant next argues that Plaintiff has not demonstrated that he was disabled under the definition provided by the ADA.

To establish a prima facie case for disability discrimination, Plaintiff must show: "he (1) is disabled; (2) is a qualified individual; and (3) was subjected to unlawful discrimination because of his disability." *Palermo v. Grunau Co., Inc.*, 220 F. Supp. 3d 1300, 1305 (M.D. Fla. 2016), *as amended* (Nov. 7, 2016). 42 U.S.C. § 12102 lays out the

7

key definitions of a disability for purposes of an action under the ADA. 42 U.S.C. § 12102(1) defines "disability" as: "(A) a physical … impairment that substantially limits one or more major life activities … (C) being regarded as having such an impairment …" 42 U.S.C. § 12102(2) defines "major life activities" as including: "(B) … functions of the immune system" Finally, subdivision (A) of 42 U.S.C. §12102(3) states:

> "An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of [a] perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."

42 U.S.C. § 12102(4)(A) sets forth "[t]he definition of disability . . . shall be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by the terms of this chapter." *See also Brown v. Roanoke Rehab. & Healthcare Ctr.*, 586 F. Supp. 3d 1171 (M.D. Ala. 2022). Collectively, the statutory scheme of 42 U.S.C. § 12102 clearly and concisely defines what an actionable disability protected by the ADA is, where, like in this case, discrimination occurs because the Defendant perceives the Plaintiff as having a disability.

"A person is 'regarded as' disabled within the meaning of the ADA if a covered entity mistakenly believes that the person's actual, nonlimiting impairment substantially limits one or more major life activities." *Murphy v. United Parcel Serv., Inc.,* 527 U.S. 516, 119 S.Ct. 2133, 2137, 144 L.Ed.2d 484 (1999); *see also Greene v. United Parcel*

*Serv., Inc.*, 125 F. Supp. 2d 517 (M.D. Ga. 2000). "With respect to the major life activity of working, Plaintiff must demonstrate that she is 'regarded as precluded from more than a particular job.' " *Garavito v. City of Tampa*, 640 F. Supp. 2d 1374, 1380 (M.D. Fla. 2009) (quoting *Murphy v. United Parcel Serv., Inc.,* 527 U.S. 516, 523, 119 S.Ct. 2133, 144 L.Ed.2d 484 (1999)).

An individual cannot be "regarded as having such an impairment," however, if the impairment is "transitory and minor." 42 U.S.C. § 12102(3)(B). "A transitory impairment is an impairment with an actual or expected duration of 6 months or less." *Id.* Thus, "an employee has a 'disability' under the ADA when that employee actually has, or is perceived as having, an impairment that is not transitory and minor." *EEOC v. STME, LLC*, 938 F.3d 1305, 1314 (11th Cir. 2019). "Importantly, what matters for the 'regarded as' theory is whether the [employer] perceived [the plaintiff] as impaired, not whether he was actually impaired." *Forsyth v. Univ. of Alabama, Bd. of Trustees*, No. 20-12513, 2021 WL 4075728, at *4 (11th Cir. Sept. 8, 2021). This "more liberal standard" makes "it significantly easier for a plaintiff to show disability." *Coker v. Enhanced Senior Living, Inc.*, 897 F.Supp.2d 1366, 1374 (N.D. Ga. 2012). "[W]hether an impairment is 'transitory and minor' is a quintessential question of fact that courts usually do not address at the pleading stage." *Booth*, 2021 WL 5416690, at *5; *see also Lisby v. Tarkett Ala., Inc.*, No. 3:16-cv-01835, 2020 WL 1536386, at *5 (N.D. Ala. Mar. 31, 2020)

Defendant argues that Plaintiff's claims for disability discrimination under the ADA must be dismissed because his Complaint fails to adequately plead that he is disabled. Here, it is undisputed that 3M's explicit purpose for implementing its COVID-19 vaccine mandate is to create a work environment with 100 percent vaccine-induced immunity. As such, 3M assumes that if Mr. Graves does not submit to mandated COVID-19 vaccinations, then he is necessarily immuno-deficient and thereby unable to safely perform his job duties in the workplace. 3M assumes that if Mr. Graves does not submit to mandated COVID-19 vaccinations, then he is necessarily immunodeficient and thereby unable to safely perform his job duties in the workplace. 3M's COVID-19 vaccine mandate therefore undisputedly demonstrates 3M's perception, indeed assumption, that employees who are unvaccinated are disabled (i.e., have an impairment of "functions of the immune system"), as that term is defined under the ADA (i.e., 28 U.S.C. § 12102(2)(B)).

Indeed, the entire point of the Americans with Disabilities Act is to protect against prejudice. The 'regarded as' prong of the ADA intends to "combat the effects of archaic attitudes, erroneous perceptions, and myths that have the effect of disadvantaging persons with, or regarded as having, disabilities." *Gordon v. E.L. Hamm & Assocs., Inc.*, 100 F.3d 907, 913 (11th Cir. 1996); *see also 29 Code of Federal Regulations pt. 1630, App. 1630.2* (2016) (noting Congress' intent in the ADA to prohibit discrimination based on

10

"unfounded concerns, mistaken beliefs, fears, myths or prejudice about disabilities.") As the emphasized language suggests, showing that an individual is regarded as disabled "does not require a showing of an impairment that substantially limits a major life activity or a record of such an impairment." 29 C.F.R. § 1630.2(g)(3) (2012). Indeed, it is enough under the "regarded as" prong to show that an employer failed to hire an applicant because it believed, rightly or wrongly, that he would be a safety risk. *See* 29 C.F.R. pt. 1630, App. § 1630.2(l) (2016).

In fact, in *Brown v. Roanoke Rehabilitation & HealthCare Center,* the Middle District of Alabama denied defendant's motion to dismiss plaintiff's claim for disability discrimination and found that defendant could have regarded plaintiff as disabled when she was diagnosed with COVID-19 and subsequently terminated. 586 F. Supp. 3d 1171 (M.D. Ala. 2022). A key factor in the court's analysis was whether the plaintiff's COVID-19 case was transitory and minor, which would have made it an uncovered condition under the ADA. The court found that, under the more liberal motion to dismiss standard of review, the plaintiff had sufficiently alleged that she was suffering from a severe and symptom-laden case of COVID-19, demonstrating that her impairments were not minor. *Id.*

Under this same test, lack of COVID-19 vaccination would survive this same exception. Being unvaccinated for COVID-19, where Plaintiff's reasons for abstaining

11

are religious in nature, are not transitory as Plaintiff had and continues to have no intention of receiving the COVID-19 vaccine. His unvaccinated status was a permanent, nontransitory condition which 3M regarded as a disability that precluded him from continuing his job in any capacity and resulted in the loss of his job. Furthermore, 3M did not conclude that Plaintiff was unqualified to perform a certain role, it concluded that Plaintiff was unqualified to perform *any* role or job due to his unvaccinated status.

Plaintiff satisfies the first prong because being regarded or perceived as disabled qualifies as disabled within the meaning of the ADA. As such, this Court should therefore deny Defendant's motion to dismiss Plaintiff's Second Cause of Action for disability discrimination under the ADA.

## CONCLUSION

For the reasons set forth above, the Court should deny Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) in its entirety. Alternatively, should this Court deem any claims insufficiently alleged, Plaintiff seeks leave to amend his complaint to cure any deficiencies.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(D)

I certify that Plaintiff's Response in Opposition to Defendant's Motion to Dismiss was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1(C).

Respectfully submitted, this 27th day of April, 2023.

/s/ *Jason H. Coffman*
Jason H. Coffman
Georgia Bar. No. 173119
Law Office of Jason H. Coffman
3280 Peachtree RD, NE, 7th Floor
Atlanta, GA 30305
Telephone: (404) 581-3834
Email: jcoffman@jcoffmanlaw.com

Lexis Anderson, Esq.
*Admitted pro hac vice*
Robert E. Barnes, Esq.
*Admitted pro hac vice*
BARNES LAW
700 South Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: (310) 510-6211
Facsimile: (310) 510-6225
Email: robertbarnes@barneslawllp.com
Email: lexisanderson@barneslawllp.com

Attorneys for Plaintiff James Michael Graves

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the within and foregoing <u>RESPONSE</u> with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

Natalie Nicole Turner

This 27th day of April, 2023.

<u>/s/ Jason H. Coffman</u><br>Jason H. Coffman