UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES MICHAEL GRAVES,<br><br>        Plaintiff,<br><br>v.<br><br>3M COMPANY,<br><br>        Defendant. | CIVIL ACTION<br>NO. 1:23-cv-00888-ELR-CMS |

## DEFENDANT 3M COMPANY'S REPLY BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### I. INTRODUCTION

Graves's Opposition to Defendant's Partial Motion to Dismiss fails to demonstrate that his claims under the ADA and GFEPA should not be dismissed.[1] First, he puts forth no case law to support his contention that his allegations of disability discrimination in this lawsuit are reasonably related to the allegations of religious discrimination in his EEOC charge. Moreover, Graves puts forth no case law to support his contention that COVID-19 vaccination status constitutes an impairment for which 3M could have "perceived" him as disabled under the ADA.

---

[1] Though Plaintiff's Opposition refers to Plaintiff as Ms. Matz (Graves's Opposition, at 5), Mr. Graves is the appropriate plaintiff in this action. Further, though Plaintiff's Opposition states that Defendant "now brings a motion to dismiss all of Plaintiff's claims" (Plaintiff's Opposition, at 2), this is inaccurate, as Defendant filed a <u>Partial</u> Motion to Dismiss Counts II and III of Plaintiff's Complaint (ECF No. 7).

1

Finally, Graves fails to put forth any argument at all related to his allegations that 3M violated the Georgia Fair Employment Practices Act ("GFEPA"), that 3M violated any laws by mandating an "experimental medical treatment", and that 3M violated Graves's rights of privacy and bodily integrity. Accordingly, Graves has abandoned those claims. For these reasons, Graves's claims under the ADA, under the GFEPA, and for "experimental medical treatment" and violating his rights to privacy and bodily integrity should be dismissed with prejudice.

## II. ARGUMENT AND CITATION OF AUTHORITY

   a. <u>Plaintiff fails to state a claim under the ADA because Plaintiff's allegation of religious discrimination in his EEOC charge is not reasonably related to an allegation for disability discrimination in this lawsuit.</u>

Plaintiff's EEOC charge only alleges religious discrimination; because of this, his claim under the ADA fails as a matter of law due to his failure to administratively exhaust his claim.

Graves essentially admits he only discussed religion in his EEOC charge, and that it does not reference any disability issues. But he nevertheless argues that he administratively exhausted his ADA disability discrimination claim because it is "reasonably related to his claims for religious discrimination." (Graves's Opposition, at 7.) Specifically, he argues that:

2

> Where the choice to take the COVID-19 vaccine was also a medical decision, and where Defendant found Plaintiff permanently unqualified to perform his role because of his medical status regarding the COVID-19 vaccine, it is reasonable to conclude that the investigation into Plaintiff's EEOC would have exposed the validity of his ADA disability discrimination claim on the basis of a perceived disability.

(*Id.*) Notably, words and phrases like "medical decision," "permanently unqualified," "medical status," "ADA," and "disability" do not appear in Graves's charge. Thus, Graves's Opposition attempts to create facts that are both inaccurate and not raised in the charge.

Regardless, Graves's failure to raise disability as a basis for discrimination in the EEOC charge leaves that basis unexhausted and warrants dismissal. *See Hunt v. Marshalls of MA, Inc.*, No. 1:18-cv-00013-TWT-CMS, 2018 WL 11483366 at *5 (N.D. Ga. Nov. 19, 2018) ("A Title VII or ADA plaintiff may not bring any claim in his lawsuit that was not included in his EEOC charge."). The ADA's exhaustion requirement means that an employee making a discrimination claim under the ADA must exhaust his administrative remedies by filing a charge of discrimination with the EEOC, and while the Eleventh Circuit notes that "judicial claims are allowed if they amplify, clarify or more clearly focus the allegations in the EEOC complaint," it has cautioned that "allegations of new acts of discrimination are inappropriate." *Chestnut v. Country Fin. Ins.*, No. 5:18-CV-404 (MTT), 2019 WL 4345988 at *3 (M.D. Ga. Sept. 12, 2019). Accordingly, a plaintiff's judicial complaint is limited by

3

the allegations in his charge of discrimination or by "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Brandon v. Lockheed Martin Aeronautical Sys.*, 393 F.Supp.2d 1341, 1356 (N.D. Ga. 2005) (internal citations omitted). A disability claim simply is not expected to grow out of a claim of religious discrimination. *See, e.g., Sessom v. Wellstar Hosp.*, No. 1:08-cv-2057-TWT, 2009 WL 1562876, at *3 (N.D. Ga. May 29, 2009), adopted at *1 (granting defendant's motion to dismiss plaintiff's disability discrimination claim and determining the claim was not reasonably expected to grow out of EEOC charge, which only referenced discrimination on the basis of sex and retaliation); *Canty v. Fry's Elec., Inc.*, 736 F. Supp. 2d 1352, 1362 (N.D. Ga. 2010) (finding plaintiff failed to exhaust administrative remedies as to race discrimination claims, among others, that were not even suggested by the EEOC charge, which only mentioned ADEA claims); *Mack v. The Hous. Auth. for the City of Athens, Ga.*, No. 3:09–CV–62 (CDL), 2010 WL 797211 at *3 (M.D. Ga. Mar. 3, 2010) (granting defendant partial summary judgment on Plaintiff's claim under the ADA when Plaintiff's EEOC charge alleged only race discrimination and "there was no inkling of any allegation of disability discrimination in the original charge or intake questionnaire."); *Hunt*, 2018 WL 11483366 at *5 (granting defendant summary judgment when his EEOC charge alleged retaliation and disability under the ADA

4

and he later argued that his claim for race discrimination under Title VII was "like or related to" the claims alleged in his EEOC charge). Therefore, Plaintiff failed to exhaust his ADA claim and that claim should be dismissed.[2]

Finally, Graves notes he was unrepresented by counsel at the time he submitted filed his charge with the EEOC, but he cites no exception to the exhaustion rule for pro se individuals. None exists. The Court should dismiss Graves's ADA claim with prejudice for failure to exhaust administrative remedies.

> b. Plaintiff fails to show any support for his theory that he can be "perceived" as disabled based on his COVID-19 vaccination status, and 3M has shown that this theory fails as a matter of law.[3]

Graves claims that he qualifies as disabled under the ADA because 3M allegedly "perceived" or "regarded" Graves as having a physical or mental impairment. (Graves's Opposition, at 8.) As both parties have already noted, an

---

[2] It is notable that, in *Goecke v. 3M Co.*, Case No. 22-cv-03087 (KMM/DJF) (Docket #28) (D. Minn. April 20, 2023), Judge Menendez recently granted Rule 12 dismissal based on the plaintiff's failure to exhaust a disability discrimination claim not raised in the EEOC charge, as the charge only raised religious discrimination. Notably, the Goecke v. 3M case involved very similar exhaustion issues as this Court faces in the present case.

[3] Graves's claims that "liberal construction is particularly important in civil rights cases," citing *Strozier v. Gen. Motors Corp.*, 442 F. Supp. 475, 480 (N.D. Ga. 1977), as well as cases from other circuits. (Graves Opposition, at 3.) The *Strozier* court made this statement related to a 42 U.S.C. Section 1981 civil rights claim but provided no indication that ADA claims are subject to a lower standard than *Iqbal* and *Twombly* specify. Regardless of whether this Court construes Graves's Complaint "liberally" or not, his disability claims fail.

5

individual meets the requirement of being "regarding as having such an impairment" if the individual establishes that he or she has been "subjected to a [prohibited] action . . . because of [a] perceived physical or mental impairment." 42 U.S.C. § 12102(3).

There is no reasonable dispute in the pleadings. Indeed, nothing in the pleadings suggest that 3M connected Graves's unvaccinated COVID-19 status to any "physical or mental impairment."

Moreover, federal courts have conclusively held that an employee is not "regarded" as having a physical or mental impairment simply by being unvaccinated for COVID-19, and Graves cites no case that holds otherwise. Beyond the four cases already cited in Defendant's Motion, federal courts continue issuing new and unanimous opinions that an employment action based on vaccination status is not an assumption or belief about a physical or mental impairment. *See, e.g., Sharikov v. Philips Med. Sys. MR, Inc.*, No. 1:22-cv-00326 (BKS/DJS), 2023 WL 2390360 at *7 (N.D.N.Y. Mar. 7, 2023) (dismissing ADA claim and rejecting "perceived as" theory made by vaccination objector); *Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 22-CV-2936 (AMD) (JRC), 2023 WL 2163774 at *5-6 (E.D.N.Y. Feb. 22, 2023) (dismissing ADA claim on the basis that "[t]he decision to vaccinate or not to vaccinate is a personal choice, while a disability under the ADA is not something a person chooses."); *Cunningham v. Univ. of Haw.*, No. 22-cv-00504 HG-WRP, 2023

6

WL 1991783 (D. Haw. Feb. 14, 2023) (dismissing complaint under the ADA pertaining to a COVID-19 vaccination policy and rejecting Plaintiff's theory that unvaccinated individuals were "regarded as" disabled, noting that "Plaintiff's theory also fails because it would yield absurd results" and that "[t]hat interpretation of the ADA is unreasonable."); *Ford v. Northam*, No. 7:22-cv-00122, 2023 WL 2767780, at *11 (W.D. Va. Mar. 31, 2023) (dismissing ADA claim that plaintiff was "regarded as" disabled for refusing to disclose his vaccination status or provide weekly testing per his employer's policy); *Schneider v. Cnty. Of Fairfax*, No. 1:22-cv-871 (LMB/WEF), 2023 WL 2333305 at *5 (E.D. Va. Mar. 2, 2023) (dismissing ADA claim and determining that plaintiff was not "regarded as" disabled by refusing to follow employer's COVID-19 vaccination policy). These cases dispose of Graves's unsupported arguments regarding being "regarded as" disabled.

Graves is correct that some COVID-19 disability cases address whether having COVID-19 itself is an impairment such that an employer could perceive the employee as disabled. (Graves's Opposition, at 11.) But that issue is not before this Court. Graves's disability "perception" claim is explicitly premised on "being unvaccinated" only (Complaint at ¶ 119), and courts have already explicitly and repeatedly rejected this claim (and any related arguments) as a matter of law. *See, e.g., Gallo v. Wash. Nat'ls Baseball Club, LLC*, No. 22-cv-01092 (APM), 2023 WL

2455678 at *4 (D.D.C. Mar. 10, 2023) ("Plaintiff does not contend that . . . Defendant perceived him to be unhealthy. Rather, the concern underlying Defendant's policy was that, as an unvaccinated person, Plaintiff might contract COVID-19 in the future and, at that time, endanger his health and the health of those around him . . . Plaintiff thus has failed to state a 'regarded as' disabled claim because he has not alleged that Defendant perceived him to have a disability at the time of his termination. 42 U.S.C. § 12102(1). Every court that has considered this question has held the same").

In his final attempt to avoid this settled case law, Graves attempts to create new alleged facts that are not contained in the Complaint or Answer, such as:

- "3M's explicit purpose for implementing its COVID-19 vaccine mandate is to create a work environment with 100 percent vaccine-induced immunity."
- "3M assumes that if Mr. Graves does not submit to mandated COVID-19 vaccinations, then he is necessarily immuno-deficient and thereby unable to safely perform his job duties in the workplace."
- "3M's COVID-19 vaccine mandate . . . demonstrates 3M's perception . . . that employees who are unvaccinated are disabled."

(Graves's Opposition, at 10.) But none of these statements contain citations to the Complaint. And none of these statements matter because, again, the federal courts have unanimously rejected the notion that being unvaccinated can support a "regarded as" disabled claim. Quite simply, Graves's Complaint points to nothing showing that 3M thought Graves had a physical or mental impairment.

8

The Court should dismiss the disability discrimination claims with prejudice because there is no plausible claim that 3M "perceived" Graves as disabled.

> c. Plaintiff fails to address his claims under the GFEPA, that Defendant violated any laws by mandating an "experimental medical treatment", and/or that Defendant unlawfully violated Plaintiff's rights of privacy and bodily integrity; thus, these claims are due to be dismissed.

In his Opposition, Plaintiff does not mention Defendant's arguments to dismiss Count III of his Complaint for violations of the GFEPA, or his vague allegations that Defendant unlawfully mandated experimental medical treatment or violated Plaintiff's rights of privacy and bodily integrity. By failing to address these arguments, they are deemed waived and due to be dismissed.

In this district, "[i]t is well settled that a party's failure to respond to any portion or claim in a motion indicates that such portion, claim, or defense is unopposed." *Cudia v. Fed. Nat'l Mortg. Ass'n. Corp.*, No. 1:21-cv-05233-MHC-JEM, 2022 WL 18777574 at *7 (N.D. Ga. Nov. 10, 2022). "When an argument is raised on a motion to dismiss that a claim is subject to dismissal, and the non-moving party fails to respond to such an argument, such claims are deemed abandoned and subject to dismissal." *Cornelius v. JPMorgan Chase Bank, N.A.*, No. 1:15-cv-03394-ELR-LTW, 2016 WL 7468811 at *3 (N.D. Ga. July 21, 2016); s*ee also Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th

Cir. 2000) (finding a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned); see Northern District of Georgia Local Rule 7.1 (B) (failure to file a response to a motion indicates that the motion is unopposed). Undeniably, this means that Count III, along with any claims that Defendant unlawfully mandated experimental medical treatment or violated Plaintiff's rights of privacy and bodily integrity, should be dismissed.

### III. CONCLUSION

3M respectfully urges the Court to dismiss Plaintiff's claim under the ADA with prejudice, as the courts did in *Goecke*, Case No. 22-cv-03087 (KMM/DJF) (Docket #28) (D. Minn. April 20, 2023), and *Sharikov*, 2023 WL 2390360 at *7. Counts II and III of Plaintiff's Complaint fail for three different reasons, each of which requires dismissal. No amendment can change the fact that Plaintiff failed to exhaust his claims under the ADA. Further, any amendment could not demonstrate that his vaccination status is a disability under the ADA. Lastly, Plaintiff's claims under the GFEPA, that 3M violated any laws by mandating an "experimental medical treatment", and that 3M violated Graves's rights of privacy and bodily integrity, are due for dismissal because Plaintiff abandoned his claims by failing to address them in his Opposition brief. The Court should grant 3M's motion to dismiss in its entirety and with prejudice.

Respectfully submitted this 11th day of May, 2023.

/s/*Natalie N. Turner*
Natalie N. Turner
Georgia Bar No. 719646
Alexandra L. Milios
Georgia Bar No. 753596
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone:  404-881-1300
Facsimile:   404-870-1732
natalie.turner@ogletree.com
alexandra.milios@ogletree.com

*Counsel for Defendant 3M Company*

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(D)

This is to certify that **Defendant 3M Company's Reply Brief in Support of its Partial Motion to Dismiss Plaintiff's Complaint** was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1(C).

*/s/ Natalie N. Turner*
Natalie N. Turner
Georgia Bar No. 719646

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMES MICHAEL GRAVES,<br><br>      Plaintiff,<br><br>v.<br><br>3M COMPANY,<br><br>      Defendant. | CIVIL ACTION<br>NO. 1:23-cv-00888-ELR-CMS |

## CERTIFICATE OF SERVICE

I certify that on May 11, 2023, I electronically filed **Defendant 3M Company's Reply Brief in Support of its Partial Motion to Dismiss Plaintiff's Complaint** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

Respectfully submitted this 11th day of May, 2023.

                                           */s/ Natalie N. Turner*
                                           Natalie N. Turner
                                           Georgia Bar No. 719646