IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES MICHAEL GRAVES,

     Plaintiff,

v.

3M COMPANY,

     Defendant.

CIVIL ACTION FILE NO.

1:23-cv-888-ELR-CMS

## NON-FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendant 3M Company's Partial Motion to Dismiss Plaintiff's Complaint [Doc. 7] in which the defendant, 3M Company ("3M") argues that two of the three claims set forth in the Complaint should be dismissed.

## I.    LEGAL STANDARD FOR A MOTION TO DISMISS

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss, the court must eliminate any allegations in the complaint that are merely legal conclusions, and where there are well-pleaded factual allegations, "'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). Although reasonable inferences are made in a plaintiff's favor in considering a motion to dismiss, "'unwarranted deductions of fact' are not admitted as true." *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting *S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). In addition, courts may infer from the factual allegations in the complaint "obvious alternative explanation[s]" that suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *See Twombly*, 550 U.S. at 567. For purposes of resolving the motion to dismiss, the allegations in the complaint are accepted as true. *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).[1]

---

[1] In considering Defendant's motion, I am limited to the facts stated in the Complaint, as well as documents attached to the Complaint as exhibits or

II.    **FACTS**

According to the Complaint, Plaintiff James Michael Graves was a long-term employee of 3M when, in September 2021, 3M mandated that he become fully vaccinated for COVID-19.  [Doc. 1, Compl. ¶¶ 8, 13, 15, 17].  Plaintiff alleges that he "holds sincere religious objections to receiving the COVID-19 vaccine" because as a Baptist, he objects to the use of fetal cells in the development of the vaccine.  [*Id.* ¶¶ 19, 20].  He claims that he sought a religious exemption and accommodation from 3M's vaccination requirement and suggested reasonable alternatives to vaccination, including remote work, but those requests were denied.  [*Id.* ¶¶ 23–25].  According to the Complaint, in May 2022, Plaintiff was placed on administrative leave for being non-compliant with the COVID-19 vaccination requirement, and later that month, 3M terminated Plaintiff's employment.  [*Id.* ¶¶ 34–36].

---

incorporated into the Complaint by reference.  Here, Plaintiff attached to his Complaint the Dismissal and Notice of Rights issued by the EEOC [Doc. 1 at 31–32], and 3M attached Plaintiff's Charge of Discrimination to its motion to dismiss [Doc. 7-2 at 1].  I have considered these documents without converting the motion into a motion for summary judgment because they are central to Plaintiff's claims, and their authenticity has not been challenged.  Moreover, Plaintiff referenced both the Charge of Discrimination and the Notice of Rights in his Complaint.  [Compl. ¶¶ 43, 44].  *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997).

On June 16, 2022, Plaintiff filed a Charge of Discrimination with the Minnesota Department of Human Rights ("Charge"). [Doc. 7-2 at 1]. In the space marked "**DISCRIMINATION BASED ON**," Plaintiff indicated "Religion." [*Id.*]. In the space marked "**THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s))*,**" he stated:

I. I began my employment in or about January 1984. My most recent position was Senior Solutions Instructor. In or about August 2021, I was notified by my employer that it would be requiring all employees to be fully vaccinated by late 2021. I sincerely hold a religious belief that conflicts with my employers (sic) vaccination requirement. During my employment, I notified my employer of my religious belief and requested a religious accommodation to Respondents (sic) Covid-19 vaccination mandate, which was denied. On May 26, 2022, I was discharged.

II. I believe I have been discriminated against because of my religion, Christian, in violation of Title VII of the Civil Rights Act of 1964, as amended.

[*Id.*].

On March 1, 2023, Plaintiff filed the instant lawsuit, raising three claims: religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") (Count One); disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12010 et seq. ("ADA") (Count Two); and a state law claim for religious discrimination under the

4

Georgia Fair Employment Practices Act, O.C.G.A. §§ 45-19-29 et seq. ("GFEPA")[2]

(Count Three).  [Compl. at 19–27]. [3]

## III.   **MOTION TO DISMISS**

In its motion to dismiss, 3M moves to dismiss two of the three counts in the

Complaint—Plaintiff's ADA claim and his GFEPA claim.   According to 3M,

---

[2] In the title of Count Three, Plaintiff describes her claim as "Violation of the Georgia Human Relations Act," which he cites as 43 P.S. § 955(a).  [Compl. at 25]. This citation is to a Pennsylvania law titled the Pennsylvania Human Relations Act. There is no "Georgia Human Relations Act."   It appears that citing to the Pennsylvania law was an error because in the substantive allegations in this count, Plaintiff cites to Georgia law, specifically O.C.G.A. §§ 45-19-22 and 45-19-29.  [*Id.* ¶¶ 128–31].   These Georgia statutes are located within the Fair Employment Practices Act.  *See* O.C.G.A. § 45-19-20 ("This article shall be known and may be cited as the 'Fair Employment Practices Act of 1978.'").

[3] In Paragraph 6 of the Complaint, Plaintiff also alleges that 3M violated "federal and Georgia law by mandating an experimental medical treatment . . . and violat[ed] the sacred rights of privacy and bodily integrity."  [Compl. ¶ 6].  Plaintiff, however, does not connect these allegations to any of the three counts in the Complaint.  In its motion, 3M argues that these allegations are not actionable, and 3M provides legal authority for its position.  [Doc. 7-1 at 12–17].  In his response brief, Plaintiff does not address 3M's arguments on these points or even mention these allegations.   Viewing the Complaint as a whole and considering Plaintiff's failure to address 3M's arguments, I conclude that Plaintiff did not intend to assert separate claims based on any experimental medical treatment or sacred rights.  And even if he did intend to do so, his failure to address 3M's arguments in its motion to dismiss serves as a waiver of his right to do so.  *Cornelius v. JPMorgan Chase Bank, N.A.*, No. 1:15-cv-3394-ELR-LTW, 2016 WL 7468811, at *3 (N.D. Ga. July 21, 2016).  To the extent that Plaintiff intended to base any claim on these allegations about experimental medical treatment and/or sacred rights, I recommend that such claim be dismissed with prejudice.

Plaintiff's ADA claim should be dismissed for failure to exhaust administrative remedies and/or for failure to state a claim. [Doc. 7-1 at 5–10]. As for the GFEPA claim, 3M argues that this claim is not viable because 3M is not a public employer. [*Id.* at 11–12]. In response, Plaintiff addresses only the arguments about the ADA claim, ignoring 3M's arguments related to the GFEPA claim. [Doc. 15]. 3M filed a reply brief. [Doc. 16].

## IV.  DISCUSSION

### A.  ADA Claim (Count Two)

Before filing suit under the ADA, a plaintiff must exhaust the available administrative remedies by filing a charge with the EEOC. *See McClure v. Oasis Outsourcing II, Inc.*, 674 F. App'x 873, 874 (11th Cir. 2016) (holding that plaintiffs proceeding under the ADA must comply with the same procedural requirements articulated in Title VII and citing 42 U.S.C. § 2000e-5(d)). The purpose of this requirement is to allow the EEOC the "opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983). In light of this purpose, a plaintiff's complaint is "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Alexander v. Fulton County, Ga.*, 207

6

F.3d 1303, 1332 (11th Cir. 2000).   A plaintiff may allege claims that "amplify, clarify, or more clearly focus" the allegations in the EEOC charge form, but may not allege new acts of discrimination. *Litman v. Sec'y, of the Navy*, 703 F. App'x 766, 771 (11th Cir. 2017).   This principle generally precludes plaintiffs from asserting different forms of discrimination in a judicial complaint than those asserted in their EEOC charge. *See, e.g.*, *Penaloza v. Target Corp.*, 549 F. App'x 844, 848 (11th Cir. 2013).

In this case, 3M argues that Plaintiff's Charge does not include any reference to disability, pointing out that the Charge identifies religion as the sole basis for the discrimination.   3M also discusses the narrative portion of the Charge, noting that although the Charge alleges that Plaintiff sought and was denied an accommodation based on his Christian religion, the Charge says nothing about any request for accommodation based on a disability.  [Doc. 7-2 at 1].  In his response brief, Plaintiff argues that "his disability discrimination claims . . . are reasonably related to his claims for religious discrimination."  [Doc. 15 at 4].  Plaintiff argues that "[w]here the choice to take the COVID-19 vaccine was also a medical decision, and where Defendant found Plaintiff permanently unqualified to perform his role because of his medical status regarding the COVID-19 vaccine, it is reasonable to conclude that

the investigation into Plaintiff's EEOC would have exposed the validity of his ADA disability discrimination claim on the basis of a perceived disability." [*Id.* at 7].

This argument is without merit because Plaintiff did not reference his medical status, the ADA, or any disability in his Charge. Simply put, there is nothing in the Charge that would have led an EEOC investigator to believe that Plaintiff thought he had been discriminated against based on a perceived disability. *See Penaloza*, 549 F. App'x at 848 (affirming the dismissal of a disability discrimination claim where the plaintiff mentioned only sex and pregnancy discrimination in the EEOC charge and noting, "There was no mention of disability discrimination, nor could a disability discrimination claim 'be expected to grow' out of Ms. Penaloza's sex and pregnancy discrimination charge, even on a broad reading of her EEOC complaint."); *Goecke v. 3M Co.*, No. 22-cv-3087 (KMM/DJF), 2023 WL 3309784 (D. Minn. April 20, 2023) (in a COVID-19 vaccination case, granting a motion to dismiss an ADA claim for lack of exhaustion under nearly identical circumstances). Courts in this Circuit have repeatedly dismissed claims for lack of exhaustion where a particular type of discrimination was not mentioned in the EEOC charge. *See Sessom v. Wellstar Hosp.*, No. 1:08-cv-2057-TWT, 2009 WL 1562876, at *3 (N.D. Ga. May 29, 2009), adopted at *1 (granting defendant's motion to dismiss plaintiff's disability discrimination claim because it was not reasonably expected to grow out

of an EEOC charge that referenced only sex discrimination and retaliation); *Mack v. The Hous. Auth. for the City of Athens, Ga.*, No. 3:09–CV–62 (CDL), 2010 WL 797211, at *3 (M.D. Ga. Mar. 3, 2010) (granting defendant partial summary judgment on an ADA claim where the charge alleged only race discrimination and "there was no inkling of any allegations of disability discrimination in the original charge or intake questionnaire").

Finally, Plaintiff argues that his Charge should be liberally construed because he filed it without the assistance of an attorney. [Doc. 15 at 6]. The problem with this argument is that Graves's Charge is not confusing, disjointed, rambling, or nonsensical. On the contrary, it is well-written, concise, and easy to understand; there is nothing unclear that requires construction, liberal or otherwise. Plaintiff did not mention disability, and there are no facts to put the EEOC on notice that Plaintiff intended to bring a claim of disability discrimination, even on a broad reading of the Charge. I conclude that because Plaintiff's Charge alleges only religious discrimination, his claim under the ADA fails as a matter of law due to his failure to administratively exhaust it, and I will recommend that the district judge grant 3M's motion to dismiss the ADA claim in Count Two.[4]

---

[4] Given this conclusion, I do not need to address 3M's other argument that the Complaint fails to state a claim for violation of the ADA. If the district judge

**B.  GFEPA Claim (Count Three)**

3M next argues that the GFEPA claim in Count Three should be dismissed because that statute allows claims only against public employers, and 3M is not a public employer.  [Doc. 7-1 at 11].  In his response brief, Plaintiff does not mention Defendant's arguments about Count Three or mention this claim at all.

The fact that the GFEPA applies only to public employers is evident from its location within Georgia Code Title 45, which is titled "Public Officers and Employees."  *See* O.C.G.A. § 45-19-20.  The statute defines the word "employer" as it relates to the GFEPA as "any department, board, bureau, commission, authority, or other agency of the state which employs 15 or more employees within the state for each working day in each of 20 or more calendar weeks in the current or preceding calendar year."  O.C.G.A. § 45-19-22(5).  Thus, the term "employer," as used in the statute, refers to public employers only.  *See, e.g.*, *Royal v. CEC Ent., Inc.*, No.: 4:18-cv-302, 2019 WL 2252151, at *3 (S.D. Ga. May 24, 2019) (noting that while a plaintiff may sue a state employer for sexual harassment and workplace

---

disagrees with my conclusion regarding the exhaustion issue, the case can be referred back to me so that I can supplement this Report & Recommendation to analyze whether Plaintiff has stated a claim for disability discrimination under the ADA.

10

retaliation, Georgia law does not contain a statutory basis for such a claim against a private employer).

I conclude that 3M is correct and that Plaintiff does not have a statutory basis to sue 3M for religious employment discrimination under the GFEPA. Moreover, I conclude that Plaintiff has abandoned this claim by failing to respond to 3M's arguments about it. *Cornelius*, 2016 WL 7468811, at *3. I will recommend dismissal of this claim.

## V.   <u>CONCLUSION</u>

For the reasons stated, I **RECOMMEND** that Defendant 3M Company's Partial Motion to Dismiss Plaintiff's Complaint [Doc. 7] be **GRANTED**, and that Counts Two and Three be dismissed with prejudice.

**IT IS SO RECOMMENDED**, this 28th day of July, 2023.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

11