# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMES MICHAEL GRAVES, an individual, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:23-cv-888-ELR-CMS |
| v. ) ) | |
| 3M COMPANY, ) ) | |
| Defendant. ) ) | |

## PLAINTIFF'S OBJECTION TO NON-FINAL REPORT AND RECOMMENDATIONS

**TO THE HONORABLE JUDGE OF THE COURT AND TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

COMES NOW Plaintiff James Michael Graves ("Graves" or "Plaintiff") and files the within objection to this Court's Non-Final Report and Recommendation (the "Recommendation", Doc. 18) on Defendant's Partial Motion to Dismiss Plaintiff's Complaint (the "Motion", Doc. 7).

### I.   Introduction

On July 28, 2023, the Court issued its recommendation that Defendant 3M Company's ("3M") Partial Motion to Dismiss Plaintiff's Complaint be granted in its entirety and that Plaintiff's Second and Third Causes of Action be dismissed. The Court ordered that Plaintiff must file any objections within fourteen (14) days.

1

Specifically, Plaintiff objects to the dismissal of Plaintiff's claim for disability discrimination under the Americans with Disabilities Act ("ADA"). It is recommended that Plaintiff's ADA claim should be dismissed on the grounds that Mr. Graves failed to exhaust his available administrative remedies. As it was concluded that the claim fails on procedural grounds, the recommendation makes no comments on the merits of Plaintiff's ADA claim.

However, Plaintiff maintains that his charge of discrimination was sufficient to raise a potential of a disability discrimination claim.

## II.   Mr. Graves Exhausted His Administrative Remedies Under the ADA

The Recommendation concludes that Mr. Graves has failed to exhaust his administrative remedies as to his ADA claim because Mr. Graves did not check the box for "disability" as a basis of discrimination nor did he specifically reference his medical status, the ADA, or any disability in his Charge. However, Plaintiff argues that neither of these acts are necessary to exhaust his administrative remedies in this circumstance.

As Plaintiff raised in his opposition to 3M's Motion, Courts have held that failing to check a box or directly indicate a potential claim on a charge of discrimination filed with the EEOC does not automatically preclude bringing that claim in plaintiff's pleading. *See Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277 (11th Cir. 2004) (holding that an EEOC investigation of plaintiff's race and sex discrimination complaint leading to her termination would have reasonably uncovered any evidence of retaliation);

*see also Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (holding that Plaintiff exhausted his disability discrimination claim before the EEOC although he did not check the box for disability because the text of the charge clearly set for the basis of the claim, and he triggered an inquiry into whether Defendant viewed him as disabled).

Furthermore, Plaintiff should not be expected to reference any specific medical condition or disability because he is not alleging that he was discriminated against based on an *actual* disability, but rather than he was "regarded as" disabled and discriminated against on that basis. To bring a "regarded as" claim, Plaintiff would not have needed to submit a medical exemption and accommodation request nor even have medical concerns surrounding the receipt of the vaccine. Rather, the medical nature of 3M's vaccine requirement, which not only limited Plaintiff's ability to perform his job but eliminated him from it entirely, calls into question Defendant's perception and treatment of unvaccinated employees.

The Recommendation disagrees that Plaintiff's charge of discrimination should be construed liberally because it was filed *pro se.* Federal courts consistently hold that charges of discrimination filed by a layperson should be broadly and liberally construed. *See U.S. E.E.O.C. v. Astronautics Corp. of Am.,* 660 F. Supp. 838 (E.D. Wis. 1987); *see also Georgia Power Co. v. EEOC,* 412 F.2d 462, 466 (5th Cir.1969); *Oubichon v. North American Rockwell Corporation,* 482 F.2d 569 (9th Cir.1973); *Tipler v. E I DuPont DeNemours and Co.,* 443 F.2d 125

(6th Cir.1971). However, this common practice should extend not only to the narrative provided by the complainant, but also to the claims under which he or she may be entitled to relief. *See Jean Pierre v. Park Hotels & Resort, Inc*., No. 17-CV-21955, 2017 WL 4408972, at *3 (S.D. Fla. Oct. 4, 2017) (Liberally construing Plaintiff's charge of discrimination allowed the Court finds that while Plaintiff failed to "check-the-box" for retaliation, the claim could proceed). Barring a complainant from seeking relief to which he may be entitled because he is unaware of the full scope of legal remedy available of him would not be consistent with the purpose of the administrative exhaustion requirement and the entire objective of federal civil rights laws.

Plaintiff has exhausted his administrative remedies for disability discrimination claims because they are reasonably related to his claims for religious discrimination and are within the scope of what could reasonably be expected to follow his charge filed with the EEOC. As such, the EEOC should have been on notice of Plaintiff's potential disability discrimination claims and investigated accordingly.

### III.  Conclusion

For the foregoing reasons, Plaintiff objects to the recommendation that Defendant's Partial Motion to Dismiss Plaintiff's Complaint be granted in its

4

entirety and that Plaintiff's ADA claims for disability discrimination be dismissed with prejudice.

Dated: August 11, 2023

        */s/ Lexis Anderson*

        Lexis Anderson, Esq.
        *Admitted pro hac vice*
        Robert E. Barnes, Esq.
        *Admitted pro hac vice*
        BARNES LAW
        700 South Flower Street, Suite 1000
        Los Angeles, California 90017
        Telephone: (310) 510-6211
        Facsimile: (310) 510-6225
        Email: robertbarnes@barneslawllp.com
        Email: lexisanderson@barneslawllp.com

        Jason H. Coffman
        Law Office of Jason H. Coffman
        3280 Peachtree Rd, NE, 7th Floor
        Atlanta, GA
        Telephone: (404) 581-3834
        Email: jcoffman@jcoffmanlaw.com

        Attorneys for Plaintiff *James Michael Graves*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically on August 11, 2023. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Lexis Anderson*
Lexis Anderson
