**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JAMES MICHAEL GRAVES,

        Plaintiff,

v.

3M COMPANY,

        Defendant.

CIVIL ACTION
NO. 1:23-cv-00888-ELR-CMS

**DEFENDANT 3M COMPANY'S RESPONSE TO PLAINTIFF'S**
**OBJECTIONS TO NON-FINAL REPORT AND RECOMMENDATION**

Defendant 3M Company, by and through undersigned counsel, hereby files

this Response (the "Response") to Plaintiff's Objections to the Magistrate Judge's

Non-Final Report and Recommendation ("Plaintiff's Objections") [ECF No. 21]

under Fed. R. Civ. P. 72(b)(2) and Northern District of Georgia Local Rule 72(B).

The Magistrate Judge's Non-Final Report and Recommendation (the "Report")

recommends granting Defendant's Partial Motion to Dismiss Plaintiff's Complaint,

dismissing Counts Two and Three of Plaintiff's Complaint with prejudice. [ECF No.

18]. Plaintiff objects only to the Report's recommendation to dismiss Count Two of

his Complaint (his disability discrimination claim) arguing that he successfully

exhausted his administrative remedies related to that claim. However, Plaintiff's

argument is based upon two cases, which, as explained below, are wholly

inapplicable to the facts of this case. Further, there is plenty of applicable case law wholly supporting the Magistrate Judge's findings. Because the Magistrate Judge correctly determined that a claim for disability discrimination would not be reasonably expected to grow out of a charge of discrimination premised upon religious discrimination, Defendant urges the Court to adopt this Report in its entirety.

## I.  INTRODUCTION

On March 1, 2023, Plaintiff filed suit against Defendant alleging (1) violation of Title VII, (2) violation of the Americans with Disabilities Act ("ADA"), and (3) violation of the Georgia Fair Employment Practices Act ("GFEPA"). [ECF No. 1]. Defendant filed a Partial Motion to Dismiss Plaintiff's Complaint (the "Motion") on March 30, 2023, seeking to dismiss Counts II and III of Plaintiff's Complaint. [ECF No. 7]. Plaintiff filed his response brief and memorandum of law to Defendant's Motion on April 27, 2023. [ECF No. 15]. Defendant then filed a Reply in Support of its Motion.

On July 28, 2023, Magistrate Judge Catherine M. Salinas issued her thorough and well-reasoned 11-page Report in which she scrupulously analyzed the pleadings, the arguments, and the precedent in recommending that Defendant's Motion be granted. [ECF No. 18]. Plaintiff then filed his Objections to this Report on August

11, 2023 ("Plf.'s Objections"). [ECF No. 21]. Therein, Plaintiff quarrels with the Magistrate Judge's determination that Plaintiff fails to state a claim for Count Two of his Complaint.[1] As explained further below, the Magistrate Judge reached the correct and supported conclusion on all issues, and the District Court should adopt the Report in full and issue an Order granting Defendant's Motion.

## II. ARGUMENT

### a.  Standard of Review

In order to successfully challenge the findings and recommendations of a magistrate judge, Plaintiff must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis of the objection." *Heath v. Jones*, 863 F. 2d 815, 822 (11th Cir. 1989). The standard of review for timely filed specific objections is de novo review. Fed. R. Civ. P. 72(b)(3). Further, "frivolous, conclusive or general objections need not be considered by the district court." *Edmonds v. Southwire Co.*, 58 F. Supp. 3d 1347, 1349 (N.D. Ga. 2014). "After conducting a complete and careful review of the R&R, the district judge may accept, reject, or modify the magistrate judge's findings and recommendations." *Id.*, citing 28 U.S.C. § 636(b)(1)(C).  Here, Plaintiff has made

---

[1] Plf.'s Objections did not address his claim under the GFEPA, so we presume that Plaintiff does not object to the Report's findings related to that claim and do not address these findings in this Response.

only conclusory and general objections and simply reiterates his original arguments,

and thus these arguments should not be considered by the District Court.

Nonetheless, Plaintiff's objections fail under the *de novo* standard.

> **b. The Magistrate Judge correctly held that Plaintiff failed to state a claim under the ADA.** [2]

The Magistrate Judge correctly concluded that Plaintiff failed to exhaust his

administrate remedies under the ADA because he failed to check the box indicating

alleged disability discrimination and otherwise failed to indicate disability

discrimination. (Report, p. 8.) Plaintiff argues that failure to "check a box or directly

indicate a potential claim on a charge of discrimination . . . does not <u>automatically</u>

preclude bringing that claim in plaintiff's pleading." (Plf.'s Objections, p. 2.)

---

[2] Defendant's Partial Motion to Dismiss argued that Plaintiff's claim under the ADA should be dismissed for two reasons: (1) because Plaintiff failed to exhaust his administrative remedies, and because (2) vaccination status is not a "disability" under the ADA as a matter of law. The Magistrate Judge's Report and Recommendation found that the ADA claim should be dismissed on the basis of Plaintiff's failure to exhaust his administrative remedies alone, and thus did not reach the merits of Defendant's argument regarding vaccination status under the ADA. This Response is limited to the first argument as discussed in the Report and Recommendation because Plaintiff's Objections are limited to that argument. Nonetheless, Defendant maintains that Plaintiff's ADA claim should be dismissed for both reasons. (Motion, p. 4-5; "a complaint may only be dismissed under Rule 12(b)(6) when it 'appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Maxwell v. Inner Harbour, Ltd.*, No. 1:08–CV–2925–RWS, 2009 WL 1045478 at * 1 (N.D. Ga. Apr. 20, 2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007)) (other citations omitted).

(emphasis added). To support his argument, Plaintiff relies upon two cases. However, neither of these cases support Plaintiff's position. Instead, both are distinguishable and ultimately support the Magistrate's recommendation to dismiss Plaintiff's ADA claim for failure to exhaust administration remedies.

Specifically, in *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277 (11th Cir. 2004), the court held that the EEOC's investigation of plaintiff's race and sex discrimination complaint would have uncovered evidence of retaliation. To make this finding, the Eleventh Circuit pointed out that the "facts alleged in her EEOC charge could have reasonably been extended to encompass a claim for retaliation ***because they were inextricably intertwined with her complaints of race and sex discrimination***." *Id.* at 1280 (emphasis added). In other words, the charge at issue in *Gregory* alleged facts related to complaints of discrimination and that the plaintiff was ultimately terminated, and such facts should result in an investigation of discrimination. Here, there is no claim for retaliation. Instead, Plaintiff is asking this Court to determine that complaints of religious discrimination would reasonably result in an investigation of disability discrimination. *Gregory* does not support that argument.

In the second case, Plaintiff goes outside of the Eleventh Circuit in an attempt to find support for his argument, but such effort nonetheless fails because *Jones v.*

*U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) is easily distinguishable from the facts before this Court. In *Jones*, the plaintiff identified disability as a basis for the alleged discrimination multiple times in his charge document. Specifically, in *Jones*, although the plaintiff did not check "disability" in one section of the charge documents, the plaintiff (1) did check the box for disability on a separate page of the charge, (2) completed a section of the questionnaire that claimants were instructed to fill out "if he believed that he was 'not hired because of a disability'", and (3) described the discriminatory conduct as his employer interfering with a medical evaluation to ensure he was not released to return to work full-duty. *Id.* at 1186-87. Here, Plaintiff did not check the box indicating disability discrimination and did not otherwise provide any indication that he believed he was discriminated against on the basis of his disability. Disability is not mentioned anywhere in Plaintiff's charge. Accordingly, *Jones* is inapplicable.

In sum, courts in this jurisdiction have repeatedly held that in circumstances where discrimination is alleged based on one protected class in the charge and a claim for discrimination based on an <u>additional</u> and <u>separate</u> protected class is added to the civil complaint, that plaintiff failed to exhaust his administrative remedies based on his claim regarding that additional protected class. *See, e.g., Canty v. Fry's Elecs., Inc.*, 736 F. Supp. 2d. 1352, 1362 (N.D. Ga. 2010) (finding plaintiff failed to

exhaust administrative remedies as to race discrimination claim that was not suggested by the EEOC charge, which only mentioned ADEA claims); *Sessom v. Wellstar Hosp.*, No. 1:08–CV–2057–TWT, 2009 WL 1562876, at \*3 (N.D. Ga. May 29, 2009), adopted at \*1 (finding disability discrimination claim not reasonably expected to grow out of EEOC charge, which only referenced discrimination on the basis of sex and retaliation); *Roberts v. Fulton Cnty. Ry., LLC*, No. 1:07–CV–2416–TWT, 2008 WL 542680, at \*3 (N.D. Ga. Feb. 22, 2008) (dismissing disability discrimination claim because it could not have been reasonably expected to grow out of race and age discrimination claims). Accordingly, the Magistrate Judge correctly determined that a claim for disability discrimination would not be reasonably expected to grow out of his religious discrimination claim. Thus, this claim should be dismissed.

## III.       CONCLUSION

In sum, Plaintiff's objections to the Report rely upon cases that are inapplicable. The case law in this jurisdiction clearly establishes that for the purposes of exhaustion, a claim for disability discrimination cannot arise when only religious discrimination is alleged in a charge. Accordingly, Defendant respectfully requests the District Court adopt the Magistrate Judge's thorough and well-reason Report

which correctly found Defendant is entitled to dismissal of Counts Two and Three

of Plaintiff's Complaint with prejudice and without leave to amend his complaint.

Respectfully submitted this 25th day of August, 2023.

/s/Natalie N. Turner
Natalie N. Turner
Georgia Bar No. 719646
Alexandra L. Milios
Georgia Bar No. 753596
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone:  404-881-1300
Facsimile:   404-870-1732
natalie.turner@ogletree.com
alexandra.milios@ogletree.com

*Counsel for Defendant 3M Company*

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(D)**

This is to certify that this document was prepared using Times New Roman

14 point font in accordance with Local Rule 5.1(C).

/s/ Natalie N. Turner
Natalie N. Turner
Georgia Bar No. 719646

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JAMES MICHAEL GRAVES,

      Plaintiff,

v.

                         CIVIL ACTION
                         NO. 1:23-cv-00888-ELR-CMS

3M COMPANY,

      Defendant.

**CERTIFICATE OF SERVICE**

I certify that on August 25, 2023, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

Respectfully submitted this 25th day of August, 2023.

*/s/ Natalie N. Turner*
Natalie N. Turner
Georgia Bar No. 719646